### CONLEY v. THOMAS.

(Circuit Court of Appeals, Third Circuit. January 29, 1914. Rehearing Denied March 17, 1914.)

#### No. 1791.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—GUIDE FOR PUNCHING PRESS.
  The Conley & Conley patent, No. 701,544, for a guide for punching presses, *held* valid, but not infringed, on the ground that defendant's device follows the prior art.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by Thomas Conley against George P. Thomas. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 204 Fed. 93.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Connolly Bros., of Washington, D. C. (Thomas A. Connolly and Joseph B. Connolly, both of Washington, D. C., of counsel), for appellant.

Christy & Christy, of Pittsburgh, Pa., for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

J. B. McPHERSON, Circuit Judge. Three reported cases in this circuit have already considered the patent in suit—No. 701,544, issued in June, 1902, to Conley & Conley for improvements in guides for punching presses—and in all of them the validity of the patent has been upheld. Judge Cross decided the first case in 1909 (Conley v. King Bridge Co. [C. C.] 175 Fed. 79) and sustained the patent, although in view of the prior art he felt obliged to restrict the invention to the particular construction shown and claimed (175 Fed. 84). On appeal this court (187 Fed. 137, 109 C. C. A. 412) agreed that the patent was valid, but held it to have been restricted too narrowly, regarding it as entitled to protection to the full extent of the disclosure (187 Fed. 140, 109 C. C. A. 412).

In the case now before us Judge Young has also sustained the patent (Conley v. Thomas [D. C.] 204 Fed. 93), although numerous references were before him that were not before either of the courts that decided the earlier controversy. Upon the question of validity we shall only say that the additional references have not persuaded us that our former decision should be changed. We still believe the patent to be valid, and may therefore turn at once to the question of infringement.

Here also Judge Young's opinion relieves us from the need of discussing the subject at large. We agree with him that the spacing tables that were in the prior art—whether before the court in the former case, or now referred to for the first time—may properly be considered; for, if these tables were so different from the Conley invention as to offer no obstacle to the patent, it is clear that the patent cannot now prevent the public from using them. If these tables did anticipate the invention, the patent in suit would of course be invalid, and therefore (since we uphold the patent) the question now before us may properly be put in this form: Does the Thomas table follow the prior art, or does it substantially copy the Conley device? We think the correct answer has been given by the District Court, namely, that Thomas has followed the prior art, and therefore does not infringe. We admit that the question is close, but we see no escape from the conclusion. The rival machines do resemble each other in several particulars, but each of them also resembles the prior art, so that the case is not free from perplexity. But we have come to the conclusion that each machine is entitled to a place in the art.

The judgment is affirmed.